JOHN A. DIXON, Jr., Judge.
This is a suit for damages arising from an automobile collision. The plaintiff, Mrs. Cora Lee Pouyadou, was a guest passenger in an automobile operated by her husband when the car was struck from the rear at the entrance to the Fairgrounds in New Orleans on February 28, 1959.
Mr. Pouyadou approached the Fairgrounds on Gentilly Street going north, stopped to allow oncoming traffic to pass, turned left, and started through the masonry pillars marking the entrance to the Fairgrounds. Mr. Pouyadou brought his car to a stop to avoid a collision with an automobile that crossed from his right to his left, just within the entrance to the Fairgrounds, whereupon the Pouyadou automobile was struck from the rear by one driven by Owen J. McDonald, III. Plaintiff brought suit against' McDonald and Allstate Insurance Company, Inc., the liability insurer of Mrs. Cora Lee Pouyadou (who owned the car her husband was driving) . The plaintiff alleged concurrent negligence on the part of McDonald and Mr. Pouyadou, contending that Mr. Pouyadou was operating his automobile at an excessive rate of speed while in a parking lot area congested with pedestrian and vehicular traffic.
McDonald failed to make an appearance. After trial, there was judgment in favor of Mrs. Pouyadou against McDonald in the sum of $3,500.00, and judgment in favor of the defendant, Allstate Insurance Company, against the plaintiff, dismissing her claims against Allstate. From this judgment plaintiff appeals.
On this appeal plaintiff contends that the testimony established that Mr. Pouyadou was driving his automobile through the entrance to the Fairgrounds at a speed- of about fifteen miles an hour, which was excessive under the circumstances, since it was known to Mr. Pouyadou that the Fairgrounds in that area was congested with automobiles and pedestrians.
All the witnesses agree that if Mr. Pouyadou had not brought his automobile to a stop when he did, it would have collided with the vehicle which crossed the path of the Pouyadou car suddenly from Pou-yadou’s right.
The only two witnesses to testify as to the accident itself were the plaintiff and her husband. Although both witnesses testified that Mr. Pouyadou’s speed was between fifteen and twenty miles an hour, both also testified that Mr. Pouyadou applied his brakes while his car was between the posts marking the entrance to the Fairgrounds, and brought his automobile to a stop before it cleared the posts. Both witnesses also testified that if Mr. Pouyadou had not applied his brakes, he would have collided with the automobile crossing his path ahead of him. Mr. Pouyadou had made a left turn off of Gentilly, stopped in the neutral ground on Gentilly, and had proceeded from that stopped position for a distance of about thirty feet before the collision. Mr. Pou-yadou testified that when he put on his brakes, his car stopped within one foot.
We agree with the conclusion of the trial court that Mr. Pouyadou was guilty of no negligence. Therefore, the judgment appealed from is affirmed, at appellant’s cost.